LAW OFFICE OF CRAIG A. SIMMERMON
Craig Simmermon (SBN 258607)
craig@simmermonlaw.com
3017 Douglas Blvd., Ste. 300
Roseville, CA 95661
T: (916) 878-6656

Attorney for Plaintiff
FISHERMANS WAREHOUSE MEGA STORE, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FISHERMANS WAREHOUSE MEGA STORE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER MORRIS, and<br><br>AMAZON.COM, INC.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. Federal Service Mark Infringement**<br>**2. Federal Unfair Competition**<br>**3. Federal Service Mark Dilution**<br>**4. California Unfair Competition**<br>**5. California False or Misleading Statements**<br>**6. Common Law Trademark Infringement**<br>**7. Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FISHERMANS WAREHOUSE MEGA STORE, INC. ("Plaintiff"), by and through its attorneys, Law Office of Craig A. Simmermon, for its Complaint against Defendant CHRISTOPHER MORRIS and Defendant AMAZON.COM, INC., ("Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of Plaintiff's federally-registered Service Mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of California under the statutory and common laws of the State of California, all arising from the Defendants' unauthorized use of the mark Service Mark in connection with the marketing, advertising, promotion, offering for sale, and/or sale of sporting goods and fishing tackle.

2. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement of Plaintiff’s trademark, monetary damages, attorneys’ fees, and related relief.

**JURISDICTION**

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

**VENUE**

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(1), in that Plaintiff resides in California wherein Plaintiff resides in this district, and 28 U.S.C. § 1391(c)(2), in that Plaintiff and Defendants are both subject to person jurisdiction in this district.

5. Plaintiff's attorney ordered an infringing FISHERMANS WAREHOUSE branded sporting good fishing tackle item from both Defendants that was shipped to Plaintiff's attorney in this district and therefore both Defendants are subject to the personal jurisdiction in this district.

Attached as Exhibit 4 is a true and correct photo of the counterfeit FISHERMANS WAREHOUSE sporting good and fishing tackle sold by Defendant CHRISTOPHER MORRIS and Defendant AMAZON.COM, INC.

**PARTIES**

6. Plaintiff FISHERMANS WAREHOUSE MEGA STORE, INC. is a corporation that is incorporated in California and has its headquarters in North Highlands, California.

7. Plaintiff FISHERMANS WAREHOUSE MEGA STORE, INC. has retail sales locations for sporting goods and fishing tackle in: Fairfield, California; Manteca, California; Rocklin, California; and Sacramento, California.

8. Plaintiff FISHERMANS WAREHOUSE MEGA STORE, INC. owns and operates the website https://www.fishermanswarehouse.com, which is an online retail outlet for sporting goods and fishing tackle.

9. Upon information and belief, Defendant CHRISTOPHER MORRIS is an individual that resides in Carolina Beach, North Carolina.

10. Upon information and belief, Defendant CHRISTOPHER MORRIS owns and operates the website https://fishermanswarehouse.net, which is an online retail outlet for sporting goods and fishing tackle.

11. Upon information and belief, Defendant CHRISTOPHER MORRIS has registered the brand FISHERMANS WAREHOUSE in sporting goods and fishing tackle with the Amazon Brand Registry.

12. Upon information and belief, Defendant CHRISTOPHER MORRIS is selling sporting goods and fishing tackle on Amazon.com under the brand FISHERMANS WAREHOUSE.

13. Upon information and belief, Defendant AMAZON.COM, INC. is a corporation that is incorporated in Delaware with principal place of business in Washington state.

14. Upon information and belief, Defendant AMAZON.COM, INC. is selling sporting goods and fishing tackle under the brand name FISHERMANS WAREHOUSE, wherein these sales originate from Defendant CHRISTOPHER MORRIS and not from Plaintiff FISHERMANS

WAREHOUSE MEGA STORE, INC.

## FACTS

A. Plaintiff and Its Service Mark

15. Plaintiff is a large and well-known retailer of sporting goods and fishing tackle that specializes in sporting goods and fishing tackle relating the sport of fishing.

16. Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 6,340,734 on the Principal Register in the United States Patent and Trademark Office for the Service Mark FISHERMAN'S WAREHOUSE® (hereinafter "Service Mark") for retail sporting goods and fishing tackle stores. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Service Mark Registration No. 6,340,734, which was issued by the United States Patent and Trademark Office on May 4, 2021.

17. Plaintiff has used the Service Mark in commerce throughout the United States and in California continuously since at least as early as September 15, 1996 in connection with retail sporting goods and fishing tackle stores.

18. As a result of its widespread, continuous, and exclusive use of the Service Mark to identify its sporting goods and fishing tackle and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Service Mark.

19. As a result of this widespread, continuous, and exclusive use of the Service Mark, plaintiffs Mark has become "incontestable" and earned incontestable status under the Lanham Act 15 U.S.C. § 1065.

20. Plaintiff's Service Mark is distinctive to both the consuming public and Plaintiff's trade.

21. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting retail sporting goods and fishing tackle stores under the Service Mark including Plaintiff's marketing, advertising, and promotional efforts and developing distribution channels for goods or services under its mark.

22. As a result of Plaintiff's expenditures and efforts, the Service Mark has come to signify the high-quality sporting goods and fishing tackle at the best possible prices.

B. Defendants' Unlawful Activities

23. Defendant CHRISTOPHER MORRIS owns and operates the website https://fishermanswarehouse.net.

24. The website https://fishermanswarehouse.net is an online retail outlet for sporting goods and fishing tackle.

25. The website https://fishermanswarehouse.net and its subpages clearly and conspicuously use the trade name FISHERMANS WAREHOUSE, hereafter the "First Infringing Mark", in connection with the retail sales of sporting goods and fishing tackle.

26. Upon information and belief, Defendant CHRISTOPHER MORRIS has been operating the website https://fishermanswarehouse.net since March of 2023.

27. Defendant CHRISTOPHER MORRIS has been selling sporting goods and fishing tackle on the website https://fishermanswarehouse.net since the year 2023.

28. Defendant CHRISTOPHER MORRIS has been selling sporting goods and fishing tackle on the website https://fishermanswarehouse.net since the year 2024.

29. Defendant CHRISTOPHER MORRIS has been selling sporting goods and fishing tackle on the website https://fishermanswarehouse.net since the year 2025.

30. In March 2023, Defendant CHRISTOPHER MORRIS applied for a federal trademark for the phrase FISHERMANS WAREHOUSE under US Serial Number 97/865,418.

31. In April 2024, the United States Patent and Trademark Office rejected this trademark application by holding that the requested mark is confusingly similar to U.S. Registration No. 63,40,734, which is Plaintiff's registration listed above.

32. Thus, the United States Patent and Trademark office is on record for holding that Defendant CHRISTOPHER MORRIS' use of the phrase FISHERMANS WAREHOUSE is infringing upon Plaintiffs trademark registration for Mark FISHERMAN'S WAREHOUSE®.

33. Thus, in April 2024, Defendant CHRISTOPHER MORRIS had notice and awareness of Plaintiff's trademark registration for mark FISHERMAN'S WAREHOUSE® and then Defendant CHRISTOPHER MORRIS continued to intentionally and willfully infringe upon Plaintiff's trademark registration of FISHERMAN'S WAREHOUSE® by selling sporting goods

and fishing tackle at the retail level in connection with this mark.

34. In July 2026, Plaintiff sent Defendant CHRISTOPHER MORRIS a cease and desist letter demanding that he discontinue selling sporting goods and fishing tackle on the website https://fishermanswarehouse.net, wherein the cease and desist letter was sent to the address noted on Defendant CHRISTOPHER MORRIS' website https://fishermanswarehouse.net.

35. The cease and desist letter was returned to sender for lack of a valid address.

36. Hence, Defendant CHRISTOPHER MORRIS is using an invalid address on his website https://fishermanswarehouse.net.

37. In August 2026, Plaintiff's attorney texted Defendant CHRISTOPHER MORRIS the cease and desist letter demanding that he discontinue selling sporting goods and fishing tackle on the website https://fishermanswarehouse.net, wherein the cease and desist letter was texted to the phone number on the website https://fishermanswarehouse.net.

38. In August 2026, Defendant CHRISTOPHER MORRIS acknowledged receiving the cease and desist letter in a return text to Plaintiff's attorney along with a document describing why his use of the phrase FISHERMANS WAREHOUSE was not infringement and a statement that he would not stop using the phrase FISHERMANS WAREHOUSE in connection with retails sales of sporting goods and fishing tackle. Attached as Exhibit 2 is a true and correct copy of the cease and desist letter sent to Defendant CHRISTOPHER MORRIS and a true and correct copy of Defendant CHRISTOPHER MORRIS' Response to the cease and desist letter.

39. In August 2026, Plaintiff's attorney texted Defendant CHRISTOPHER MORRIS that he would soon be sued for trademark infringement.

40. In September 2026, Plaintiff became aware that Defendant CHRISTOPHER MORRIS was selling sporting goods and fishing tackle under the trade name FISHERMANS WAREHOUSE on Amazon.com.

41. The website https://www.amazon.com/stores/FishermansWarehouse/ and its subpages clearly and conspicuously use the trade name FISHERMANS WAREHOUSE, hereafter the "Second Infringing Mark", in connection with the retail sales of sporting goods and fishing tackle.

42. The address listed for Defendant CHRISTOPHER MORRIS on the website https://www.amazon.com/stores/FishermansWarehouse/ is the same fake address that he has listed on his website.

43. Thus, Defendant CHRISTOPHER MORRIS is a shady businessman who will not even use his proper address on any of his retail sales channels.

44. In September 2026, Plaintiff filed a notice of infringement with Amazon Brand Registry regarding Defendant CHRISTOPHER MORRIS' sales of sporting goods and fishing tackle under the trade name FISHERMANS WAREHOUSE on Amazon.com.

45. In September 2026, Amazon Brand Registry denied Plaintiffs notice of infringement by holding and stating that Defendant CHRISTOPHER MORRIS owns the trade name FISHERMANS WAREHOUSE on Amazon.com and is the "registered owner" of this trade name on amazon.com.

46. In September 2026, Plaintiff became aware that Defendant CHRISTOPHER MORRIS had registered the phrase FISHERMANS WAREHOUSE for retail sales of sporting goods and fishing tackle with Amazon Brand Registry.

47. In September 2026, Plaintiff filed a second notice of infringement with Amazon Brand Registry regarding Defendant CHRISTOPHER MORRIS' sales of sporting goods and fishing tackle under the trade name FISHERMANS WAREHOUSE on Amazon.com, which included a signed oath from Plaintiff detailing the infringement along with a certified copy of Plaintiff's trademark registration for FISHERMAN'S WAREHOUSE® in retail sporting goods and fishing tackle.

48. In September 2026, Amazon Brand Registry denied Plaintiffs second notice of infringement by holding that Defendant CHRISTOPHER MORRIS owns the trade name FISHERMANS WAREHOUSE on Amazon.com.

49. On September 8, 2026, Plaintiff mailed Amazon.com Inc., at the local Sacramento office for service of legal process, the attached letter, with sworn declaration from the Plaintiff, and copy of federal trademark registration in question. Attached as Exhibit 3 are true and correct copy of these documents.

50. The First Infringing Mark adopted and used by Defendant CHRISTOPHER MORRIS is identical to or confusingly similar to Plaintiff's Service Mark.

51. Upon information and belief, Defendant CHRISTOPHER MORRIS has been engaged in the retail sales of sporting goods and fishing tackle throughout the country using the First Infringing Mark.

52. Upon information and belief, Defendant CHRISTOPHER MORRIS has marketed, advertised, promoted, offered for sale, and sold sporting goods and fishing tackle under the First Infringing Mark.

53. Upon information and belief, Defendant CHRISTOPHER MORRIS has marketed, advertised, promoted, offered for sale, and sold sporting goods and fishing tackle under the First Infringing Mark through the website https://fishermanswarehouse.net.

54. The Second Infringing Mark adopted and used by Defendant CHRISTOPHER MORRIS is identical to or confusingly similar to Plaintiff's Service Mark.

55. Upon information and belief, Defendant CHRISTOPHER MORRIS has been engaged in the retail sales of sporting goods and fishing tackle throughout the country using the Second Infringing Mark.

56. Upon information and belief, Defendant CHRISTOPHER MORRIS has marketed, advertised, promoted, offered for sale, and sold sporting goods and fishing tackle under the Second Infringing Mark.

57. Upon information and belief, Defendant CHRISTOPHER MORRIS has marketed, advertised, promoted, offered for sale, and sold sporting goods and fishing tackle under the Second Infringing Mark through the website https://www.amazon.com/stores/FishermansWarehouse/ and its subpages.

58. The Second Infringing Mark adopted and used by Defendant AMAZON.COM, INC is identical to or confusingly similar to Plaintiff's Service Mark.

59. Upon information and belief, Defendant, AMAZON.COM, INC. has been engaged in the retail sales of sporting goods and fishing tackle throughout the country using the Second Infringing Mark.

60. Upon information and belief, Defendant AMAZON.COM, INC. has marketed, advertised, promoted, offered for sale, and sold sporting goods and fishing tackle under the Second Infringing Mark.

61. Upon information and belief, Defendant AMAZON.COM, INC. has marketed, advertised, promoted, offered for sale, and sold sporting goods and fishing tackle under the Second Infringing Mark through the website https://www.amazon.com/stores/FishermansWarehouse/ and its subpages.

62. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of sporting goods and fishing tackle and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' sporting goods and fishing tackle are associated or affiliated with, or otherwise authorized by Plaintiff.

63. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Service Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's sporting goods and fishing tackle to the Defendants.

64. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF (Federal Service Mark Infringement)**

65. Plaintiff repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

66. Defendant CHRISTOPHER MORRIS' unauthorized use in commerce of the First Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant CHRISTOPHER MORRIS' sporting goods and fishing tackle, and is likely to cause consumers to believe, contrary to fact, that Defendant CHRISTOPHER MORRIS' sporting goods and fishing tackle are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant CHRISTOPHER MORRIS is in some way affiliated with or sponsored by Plaintiff. Defendant CHRISTOPHER MORRIS' conduct therefore

constitutes Service Mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

67. Upon information and belief, Defendant CHRISTOPHER MORRIS has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Service Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

68. Defendant CHRISTOPHER MORRIS' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

69. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant CHRISTOPHER MORRIS' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF (Federal Service Mark Infringement)**

70. Plaintiff repeats and realleges paragraphs 1 through 61 hereof, as if fully set forth herein.

71. Both Defendants' unauthorized use in commerce of the Second Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant CHRISTOPHER MORRIS' sporting goods and fishing tackle, and is likely to cause consumers to believe, contrary to fact, that Defendant CHRISTOPHER MORRIS' sporting goods and fishing tackle are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant CHRISTOPHER MORRIS is in some way affiliated with or sponsored by Plaintiff. Defendant CHRISTOPHER MORRIS' conduct therefore constitutes Service Mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

72. Upon information and belief, Defendant CHRISTOPHER MORRIS has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Service Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

73. Defendant CHRISTOPHER MORRIS' conduct is causing immediate and

irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

74. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, both Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF (Federal Unfair Competition)**

75. Plaintiff repeats and realleges paragraphs 1 through 66 hereof, as if fully set forth herein.

76. Defendant CHRISTOPHER MORRIS' unauthorized use in commerce of the First Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant CHRISTOPHER MORRIS' sporting goods and fishing tackle, and is likely to cause consumers to believe, contrary to fact, that Defendant CHRISTOPHER MORRIS' sporting goods and fishing tackle are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant CHRISTOPHER MORRIS is in some way affiliated with or sponsored by Plaintiff.

77. Defendant CHRISTOPHER MORRIS' unauthorized use in commerce of the First Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

78. Upon information and belief, Defendant CHRISTOPHER MORRIS' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant CHRISTOPHER MORRIS with Plaintiff.

79. Defendant CHRISTOPHER MORRIS' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80. Defendant CHRISTOPHER MORRIS' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and

will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

81. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant CHRISTOPHER MORRIS' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF (Federal Unfair Competition)**

82. Plaintiff repeats and realleges paragraphs 1 through 73 hereof, as if fully set forth herein.

83. Both Defendants' unauthorized use in commerce of the Second Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant CHRISTOPHER MORRIS' sporting goods and fishing tackle, and is likely to cause consumers to believe, contrary to fact, that Defendant CHRISTOPHER MORRIS' sporting goods and fishing tackle are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant CHRISTOPHER MORRIS is in some way affiliated with or sponsored by Plaintiff.

84. Defendant CHRISTOPHER MORRIS' unauthorized use in commerce of the Second Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

85. Upon information and belief, Defendant CHRISTOPHER MORRIS' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant CHRISTOPHER MORRIS with Plaintiff.

86. Defendant CHRISTOPHER MORRIS' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87. Defendant CHRISTOPHER MORRIS' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

88. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, both Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**FIFTH CLAIM FOR RELIEF (State Unfair Competition under Cal. Bus & Prof. Code §17200)**

89. Both Defendant's above-averred actions related to use of the First and Second Infringing Marks in commerce constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

**SIXTH CLAIM FOR RELIEF (False or Misleading Statements under Cal. Bus & Prof. Code §17500)**

90. Both Defendant's above-averred actions related to use of the First and Second Infringing Marks in commerce constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

**SEVENTH CLAIM FOR RELIEF (Common Law Trademark Infringement)**

91. Both Defendants' above-averred actions related to use of the First and second Infringing Marks in commerce constitute trademark infringement and passing off in violation of the common law of California.

**EIGHTH CLAIM FOR RELIEF (Common Law Unfair Competition)**

92. Both Defendants' above-averred actions related to use of the First and Second Infringing Marks in commerce constitute a false designation of origin in violation of the common law of California.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Both Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15

U.S.C. § 1125(c)).

2. Both Defendants have violated Cal. Bus & Prof. Code §17200; Cal. Bus & Prof. Code §17500; and Common Law Trademark Infringement.

3. Granting an injunction preliminarily and permanently enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote sporting goods and fishing tackle bearing the mark FISHERMANS WAREHOUSE or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Service Mark;

b. engaging in any activity that infringes Plaintiff's rights in its Service Mark;

c. engaging in any activity constituting unfair competition with Plaintiff;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' sporting goods and fishing tackle are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's sporting goods and fishing tackle are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendants;

e. using or authorizing any third party to use in connection with sporting goods and fishing tackle any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, Service Mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark FISHERMANS WAREHOUSE or any other mark that infringes or is likely to be confused with Plaintiff's Service Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g. aiding, desisting, or abetting any other individual or entity in doing any act

prohibited by sub-paragraphs (a) through (f).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's sporting goods and fishing tackle.

5. Directing Defendants to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark FISHERMANS WAREHOUSE or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Service Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark FISHERMANS WAREHOUSE or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Service Mark, and to immediately remove them from public access and view.

6. Directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark FISHERMANS WAREHOUSE or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Service Mark.

7. Directing Defendants to formally abandon with prejudice any and all of its applications to register the mark FISHERMANS WAREHOUSE or any mark consisting of, incorporating, or containing Plaintiff's Service Mark or any counterfeit, copy, confusingly similar

variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

9. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10. Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

12. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

14. Awarding such other and further relief as the Court deems just and proper.

//

DATED: September 20, 2026

Law Office of Craig A. Simmermon
By: */s/Craig Simmermon*
Craig Simmermon
Attorney for Plaintiff
FISHERMANS WAREHOUSE MEGA STORE, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury in this matter.

DATED: September 20, 2026

Law Office of Craig A. Simmermon
By: */s/Craig Simmermon*
Craig Simmermon
Attorney for Plaintiff
FISHERMANS WAREHOUSE MEGA STORE, INC.